KINNEY *et al. v.* WINSLETT, tax-collector, *et al.*

No. 7891.    FEBRUARY 18, 1931.

*L. D. Moore* and *W. O. Kinney Jr.,* for plaintiffs.
*Brock, Sparks & Russell,* for defendants.

BECK, P. J.   The plaintiffs filed a petition to restrain U. T. Winslett, tax-collector of Bibb County, and W. B. Harrison, comptroller-general of the State, from collecting the occupation taxes provided by paragraph 46 of section 2 of the general tax act of 1927, as amended in 1929, which reads as follows: "Dance Halls and Dancing Instructors.   Upon each person or persons operating dance halls where dancing is permitted or taught for hire, $100 for each place of business."   The plaintiffs contend that this paragraph of the tax act is too uncertain for enforcement; and they further contend that they do not come within the provisions of the statute, in that the places they operate are not dance halls.   As to the character of the place at which each of the petitioners taught or gave instructions in dancing and the people who were permitted to gather, there is in the record only the testimony of the plaintiffs themselves; and this was in substance as follows:   Mrs. Kinney testified that she teaches only children between the ages of 3 and 14, and these are divided into classes, according to age and grading, the largest class numbering about twelve pupils.   The room in which she conducts her school of dancing is on the 5th floor of J. P. Allen's, a "store that has the most select merchandise in Macon," the room being 33 feet by 35 feet in size.   This she calls her studio.   The public is not invited to or allowed in this studio. She does no advertising whatever, and teaches only those pupils whom she invites.   The public could not at any time come to the studio, pay an admission fee, and enter and dance.   No admission fee is charged, and only the pupils whom she invites and, on occa-

sions, their mothers are admitted. She teaches only in the daytime, closing the studio at 1:30 p. m. on Saturday. She of course charges a tuition fee. She has a pianist, but no assistant teacher. Plaintiff Miss Kelly testified that she teaches only children between the ages of 5 and 14, and these are divided into classes, having not more than six or eight to the class. She has no assistant. The place where she teaches is in the residence where she lives, this room being 18 by 20 feet in size. The public does not come, is not invited, and would not be admitted. Only the children and their mothers are admitted. She has an average of 15 or 20 pupils.

The court refused an injunction, and petitioners excepted.

Under the uncontroverted evidence in this case we have reached the conclusion that the contention of the petitioners that they do not come within the provisions of the statute, and that the tax should not be imposed upon them, is well taken. After careful reading of the evidence we are forced to the conclusion that the places at which dancing is taught by the petitioners are not dance halls in the sense in which the term is used in the statute. Several definitions are cited in the brief of counsel for plaintiffs in error, but we will not set forth these definitions here. The cases in which they were used are from other States, and involved a consideration of statutes differing from the one we have under consideration here. But we do not think that the private rooms which were rented here, though one was in a public building, are dance halls in the sense in which that expression is generally taken and in the sense in which it was very probably understood by the legislative body enacting the statute. The public generally were not admitted, nor were they admitted upon the payment of fees. The pupils are private pupils. They come to those classes upon invitation.

It is contended by counsel for the defendants that it is not the place that determines the liability for taxes under this statute, but that it is the nature of the business engaged in; that emphasis is not to be placed on the term dance hall, but it is to be placed on persons operating dancing places for hire or instructing in dancing for hire. The section of the tax act which we are considering begins with the words "Dance Halls and Dancing Instructors;" and then the tax is expressly laid upon each person or persons operating dance halls. It is perfectly clear that before a

tax can be collected of one under this section of the tax act, the person sought to be taxed must "operate a dance hall." And, as stated above, this conclusion is not authorized by the evidence submitted in this case. Such conclusion would not be authorized unless we go a step farther and accept the conclusion that any room in which a class of young people are being instructed in dancing is a dance hall, however small the place or room might be where such instruction is given to a class. And if we were to take this further step and accept the final conclusion indicated, we would be compelled to hold, if a case presented itself, that a woman, the owner of a residence, occupying it as such, if she should use one room in her residence, 17 or 18 feet square, or even smaller, as a place in which to give instruction to a small dancing class, she would be liable for the tax. And we draw back from such a conclusion. In view of what is said above, the judgment refusing an injunction must be

*Reversed. All the Justices concur.*